Filed 2/23/16  P. v. Owen CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063655 |
| v. | (Super.Ct.No. FVI1000343) |
| LANCE CHRISTIAN OWEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Patricia Ihara, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Seth Friedman and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL HISTORY

On November 4, 2014, the voters approved Proposition 47, The Safe Neighborhoods and Schools Act (Proposition 47); it went into effect the following day. Proposition 47 reduced certain nonserious, nonviolent felonies to misdemeanors. It added and amended sections of the Penal Code. Penal Code section 1170.18 was added and provides that a person currently serving a sentence for a felony conviction, whether by trial or plea, who would have been guilty only of a misdemeanor had Proposition 47 been in effect at the time the plea was entered, or at the time of trial, may petition for a recall of the sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing.

On June 25, 2010, prior to the passage of Proposition 47, defendant and appellant Lance Christian Owen pled guilty to the unlawful taking or driving of a 2005 Chevrolet Malibu under Vehicle Code section 10851, subdivision (a). The court sentenced defendant under the terms of the plea agreement to three years in state prison.

On April 22, 2015, defendant filed a Petition for Resentencing (Petition) under Penal Code section 1170.18. On May 15, 2015, the trial court denied the Petition. The court found defendant did "not satisfy the criteria in Penal Code section 1170.18 and is not eligible for resentencing."

On appeal, defendant contends that Penal Code section 1170.18 should be broadly interpreted to include violations of Vehicle Code section 10851, and that equal protection requires that offenses under Vehicle Code section 10851 be treated like violations of Penal Code section 487, subdivision (d)(1), and be reduced to misdemeanors.

2

We affirm the denial of defendant's Petition.

## DISCUSSION

A.    RESENTENCING PURSUANT TO PENAL CODE SECTION 1170.18

Defendant claims that Penal Code section 1170.18 should be interpreted to include Vehicle Code section 10851[1] as a felony that can be reduced to a misdemeanor violation of Penal Code section 490.2.  He also insists that the trial court should have held a hearing on the value of the vehicle stole, and at that hearing, it was the People's burden to prove that the value of the vehicle defendant stole was valued greater than $950.  Specifically, defendant claims that although Vehicle Code section 10851 is not mentioned in Penal Code section 1170.18, Penal Code section 490.2 redefines all thefts as being misdemeanors if the value of the item taken is less than $950, regardless of the type of property.  We affirm the denial of defendant's Petition because he failed to meet his burden of alleging facts that he was eligible for resentencing under Penal Code section 490.2.

---

[1] Vehicle Code section 10851 provides, "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense and, upon conviction thereof, shall be punished by imprisonment in a county jail for not more than one year or pursuant to subdivision (h) of Section 1170 of the Penal Code or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment."  This section "'proscribes a wide range of conduct [and may be violated] either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding).'"  (*People v. Garza* (2005) 35 Cal.4th 866, 876.)

"The voters approved Proposition 47 at the November 4, 2014 general election, and it became effective the next day." (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1328.) "Proposition 47 'was intended to reduce penalties "for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors."'" (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.) "'"In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.'" (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

Proposition 47 added section 1170.18 to the Penal Code; subdivision (a) provides in pertinent part, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

Under Penal Code section 1170.18, subdivision (b), the trial court first determines whether the petition has presented a prima facie case for relief under Penal Code section 1170.18, subdivision (a). If the petitioner satisfies the criteria in subdivision (a), then he will be resentenced to a misdemeanor, unless the court, within its discretion, determines the petitioner would pose an unreasonable risk to public safety. (Pen. Code, § 1170.18, subd. (b).)

Penal Code section 490.2 was *added* to the Penal Code. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Penal Code section 490.2 provides in pertinent part, "Notwithstanding [Penal Code s]ection 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." Penal Code section 487, subdivision (a), provides that if the value of the money, labor, real or personal property taken exceeds $950, the offense is a felony. Penal Code section 487, subdivision (d)(1), provides that grand theft occurs if the property is an automobile, regardless of the value.

Penal Code section 1170.18 clearly states that a defendant must show he was convicted of a felony but would have been convicted of a misdemeanor if Proposition 47 had been in effect at the time of the offense. For an offense under section 490.2, which was added to the Penal Code, defendant had to allege facts that he would have been guilty of a misdemeanor violation of Penal Code section 490.2 rather than the felony conviction.

5

As relevant to this case, Vehicle Code section 10851 is not listed in Penal Code section 1170.18; the courts are split on whether Proposition 47 applies to violations under Vehicle Code section 10851 if the value of the vehicle is under $950. We need not address this issue in this appeal because defendant has failed to prove that the value of the vehicle in this case was under $950. Defendant has failed to allege any facts to support that he was eligible for resentencing, i.e. that the car he took, the 2005 Chevrolet Malibu, was valued under $950.

Here, defendant had the initial burden of proving that he would have been charged and found guilty of only a violation of Penal Code section 490.2 because the value of the vehicle he took was less than $950. Defendant failed to meet this burden. The record of conviction does not establish this fact as he entered a guilty plea and waived his right to a probation hearing. Additionally, defendant never stated in the Petition that the 2005 Chevrolet Malibu was valued at less than $950. In the Petition, defendant simply stated he was requesting that his felony violation under Vehicle Code section 10851, subdivision (a), be designated as a misdemeanor under Penal Code section 1170.18. Defendant never alleged facts sufficient for the trial court to determine that he should have been convicted of a misdemeanor violation of Penal Code section 490.2. The Petition was properly denied because defendant failed to establish that he was eligible for resentencing pursuant to Penal Code section 1170.18, subdivision (a). (See *Vance v. Bizek* (2014) 228 Cal.App.4th 1155, 1163, fn. 3 ["A party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting"].)

6

Defendant claims he was entitled to a hearing on the value of the 2005 Chevrolet Malibu and that the People had the burden of proving the automobile was valued over $950. We disagree.

In the recent case of *People v. Sherow* (2015) 239 Cal.App.4th 875, the defendant filed a petition to recall his sentence under Proposition 47. The defendant sought to reduce two of his felony convictions of second degree burglary to misdemeanor violations of Penal Code section 459.5, shoplifting, because he insisted the items taken were valued less than $950. (*Sherow*, at p. 877.) The appellate court concluded that defendant had the initial burden in his petition to show he was eligible for resentencing under Penal Code section 1170.18, subdivision (a). It referred to background information prepared by "Judge J. Richard Couzens and Presiding Justice Tricia A. Bigelow" on Proposition 47, which provided, "'The petitioner will have the initial burden of establishing eligibility for resentencing under [Penal Code] section 1170.18[, subdivision ](a): i.e., whether the petitioner is currently serving a felony sentence for a crime that would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed. If the crime under consideration is a theft offense under [Penal Code ]sections 459.5, 473, 476a, 490.2 or 496, the petitioner will have the burden of proving the value of the property did not exceed $950.'" (*Sherow*, at p. 879.) The *Sherow* court concluded that the defendant's petition was properly denied because it contained no facts or explanation how the value of the items taken were less than $950. (*Id.* at p. 877; see also *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 6-7 [found a defendant was not

entitled to development of facts or hearing if the trial court determined he was ineligible on the face of a Penal Code section 1170.126 petition for resentencing].)

Similarly here, defendant made no attempt in the Petition to allege that the value of the 2005 Chevrolet Malibu was less than $950. Since he did not allege any facts that the car was less than $950, he did not allege facts making him eligible under Penal Code section 1170.18. As such, as opposed to defendant's argument that he was entitled to an opportunity to litigate the issue of the value of the automobile, he failed to make a threshold showing that he qualified under Penal Code section 1170.18. Further, the burden was not on the People to prove the value of the automobile; defendant carried the burden of alleging facts in the Petition that the value was less than $950. Finally, since defendant waived his right to a probation hearing and requested immediate sentencing, there is no record of the facts pertaining to the taking or driving of the 2005 Chevrolet Malibu from which the trial court could conclude the value was less than $950.

Based on the foregoing, defendant was not entitled to resentencing under Penal Code section 1170.18 because he did not meet his burden of showing his offense constituted a petty theft pursuant to Penal Code section 490.2.

B.     EQUAL PROTECTION

Defendant argues that, assuming the Proposition 47 voters intended to only reduce vehicle thefts under Penal Code section 487, subdivision (d)(1), to misdemeanors under Penal Code section 490.2, while leaving Vehicle Code section 10851 violations as felonies, such discrimination is impermissible under the Equal Protection Clause of the United States and California Constitutions.

"'The United States and California Constitutions entitle all persons to equal protection of the laws. [Citations.] This guarantee means "that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances." [Citation.] A litigant challenging a statute on equal protection grounds bears the threshold burden of showing "that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner." [Citation.] Even if the challenger can show that the classification differently affects similarly situated groups, "[i]n ordinary equal protection cases not involving suspect classifications or the alleged infringement of a fundamental interest," the classification is upheld unless it bears no rational relationship to a legitimate state purpose.'" (*People v. Singh* (2011) 198 Cal.App.4th 364, 369; see also *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199, overruled on other grounds in *Johnson v. Dept. of Justice* (2015) 60 Cal.4th 871.)

Here, we did not rule on this issue—that a person who is convicted pursuant to Vehicle Code section 10851 is not eligible for resentencing under Penal Code section 1170.18, but a person who is convicted of violating Penal Code section 487, subdivision (d)(1), would be eligible for resentencing. We did not decide on this issue because, even if defendant were eligible for resentencing under the statutes, defendant failed to meet his initial burden that he was eligible for resentencing. Since we did not hold that persons convicted pursuant to Vehicle Code section 10851 are not eligible for resentencing pursuant to Penal Code section 1170.18, we need not reach defendant's equal protection claim as it is not properly before this court.

9

## DISPOSITION

The trial court's order denying defendant's Petition to recall his sentence is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____

J.

We concur:

HOLLENHORST_____
          Acting P. J.

CODRINGTON_____
          J.